Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the Proposed Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MONA WILEY,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>**AMERICAN FINANCIAL NETWORK, INC.**, a California company,<br><br>*Defendant,* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mona Wiley ("Plaintiff" or "Plaintiff Wiley") brings this Class Action Complaint and Demand for Jury Trial against Defendant American Financial Network, Inc. ("Defendant" or "AFN"), to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making unsolicited calls to consumers who registered their phone numbers on the National Do Not Call Registry

("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by Defendant's actions. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1.      Plaintiff Wiley is a Sioux Falls, South Dakota resident.

2.      Defendant AFN is a California corporation headquartered in Brea, California. AFN conducts business throughout this District, California, and the United States.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.      This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and conducts business in California, including in this District, and the wrongful conduct leading to this case was directed by Defendant to the Plaintiff from this District.

**INTRODUCTION**

5.      As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

7.      A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8.      When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9.      By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10.     The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11.     Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12.     According to online robocall tracking service "YouMail," 3.9 billion robocalls were placed in January 2022 alone, at a rate of 126.3 million calls per day. www.robocallindex.com. (Last checked February 3, 2022).

13.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone*

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

CLASS ACTION COMPLAINT
-4-

*Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

16.     Defendant AFN is a mortgage banker conducting business throughout the U.S.[3]

17.     Defendant AFN makes telemarketing calls to consumers in order to solicit its financial services to the consumers.

18.     Defendant makes telemarketing calls to residential telephone consumers whose numbers are registered on the Do Not Call registry, who have never provided their phone number to Defendant, and who never consented to receive phone calls from the Defendant.

19.     For example, Plaintiff Wiley received multiple calls from AFN even despite never having given her phone number to the Defendant, despite having her phone number registered on the DNC to prevent such cold calls.

20.     Defendant AFN hires employees to place telemarketing calls, many of which have posted about it online, for instance:

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/american-financial-network/about/

1

2

**Tim Palm**
Leading the way for all home buying needs

3

**Loan Officer Trainee**
American Financial Network, Inc.
Jan 2018 – Feb 2018 · 2 mos
Phoenix, AZ

4

5

• Performed unsolicited cold calls on homeowners and realtor leads from Kunversion.
• Assisted completing loan application for potential borrowers.

[4]

6

7

Current Employee, less than 1 year

**Not good place.**

8

Oct 2, 2021 - Mortgage Loan Officer in Douglasville, GA

9

✕ Recommend   ✓ CEO Approval   ✕ Business Outlook

10

**Pros**
None, work is awful full of false promises.

11

12

**Cons**
Poor management, terrible leads, no salary

13

[5]

14

Former Employee, less than 1 year

15

**Poor quality leads**

16

Dec 11, 2020 - Loan Officer in Irving, TX

17

✕ Recommend   ✕ CEO Approval   ✕ Business Outlook

18

**Pros**
Bunch of leads dialing same people who didn't qualify

19

20

**Cons**
Bunch of bad leads, bad when you're dialing through it all day   [6]

21

22

23

24

25

26

27

---

[4] https://www.linkedin.com/in/tim-palm-05512054/
[5] https://www.glassdoor.com/Reviews/American-Financial-Network-Reviews-E580204_P2.htm?filter.iso3Language=eng
[6] https://www.glassdoor.com/Reviews/American-Financial-Network-Reviews-E580204_P10.htm?filter.iso3Language=eng

CLASS ACTION COMPLAINT
-6-

28

1

## Mortgage Industry so complex, wish I had more support

Jul 7, 2021 - Licensed Mortgage Loan Originator in Clovis, CA

❌ Recommend  — CEO Approval  — Business Outlook

**Pros**
Everyone has been nice and pleasant to work with.

**Cons**
Very little support, especially when encountering issues with IT, leads, infor-
mation concerning pay structure was not clearly stated.                   7

## Relaxed Environment

Oct 29, 2020 - Senior Loan Officer

✔ Recommend  — CEO Approval  ✔ Business Outlook

**Pros**
Casual Dress, No weekend work

**Cons**
Slow sometimes, tired old leads                                          8

**YeKaterina Sergeyevna Kotik**
Property Investment /Realestate Dialer. Inside Sales Assistant.

### Experience

**Inside Sales Assistant**
American Financial Network, Inc.
Aug 2015 – Present · 6 yrs 6 mos
Campbell, CA

Responsible for managing and administering the Dialer functionality. Strategize, execute and
manage dialer strategy for multiple lenders to ensure meetings are penetrated efficiently and
effectively to meet established business goals and client scorecard parameters. Develop,
analyze and promptly hit a weekly and monthly goal of appointments set to ensure goal sales
are met each month. Make 50-100 calls per day.                           9

---

7 https://www.glassdoor.com/Reviews/American-Financial-Network-Reviews-
E580204_P4.htm?filter.iso3Language=eng
8 https://www.glassdoor.com/Reviews/American-Financial-Network-Reviews-
E580204_P10.htm?filter.iso3Language=eng
9 https://www.linkedin.com/in/yekaterina-sergeyevna-kotik-915aa563/

CLASS ACTION COMPLAINT
-7-

**About the Job:**

Our **Telemarketers** are responsible for generating high quality leads and appointments for licensed mortgage originators. Telemarketers will use a predictive dialer and a proven script to contact prospective clients, create rapport, build value, handle objections and set appointments. As a Telemarketer, you will be the first impression of our company and a critical piece to our direct lending process. Clients trust our representatives with very personal information and we have strict guidelines in place to ensure we are compliant with all federal regulations. In additional to learning, understanding and maintaining our guideline criteria, they will also be responsible for data entry, meeting minimum sales matrices, call dispositions in our software, privacy integrity and occasional in-bound call activity.                              [10]

- Another job posting by Defendant AFN for the role of Mortgage Loan Officer[11] states:
  "Company-generated leads will be assigned to qualified loan originators."

21.    Many consumers have posted complaint online regarding unsolicited

telemarketing calls that they received from Defendant AFN, for instance:

- "The caller said his name was Patrick from American Financial Network.

  He attempted to ask for financial information for the means of offering

  financial services. I refused and hang up." [12]

- "Called and hung up. Annoying" [13]

- "The caller attempted to get personal confidential information (full name,

  address, social security information, current loan information and credit

---

[10] https://lensa.com/telemarketer-jobs/lake-forest/jd/c3710834a04e6cb16a4f7d6b0181926b
[11] https://www.paycomonline.net/v4/ats/web.php/jobs/ViewJobDetails?job=41187&clientkey=5B075FE5E81AAD7F7BE1F2018F675647
[12] https://www.reportedcalls.com/2678209555
[13] *Id.*

card data) for the reasons of offering financial assistance (loans, financing, or other services) which were unsolicited. The callers name and Patrick from American Financial Network." [14]

**PLAINTIFF WILEY'S ALLEGATIONS**

22.     Plaintiff Wiley's phone number ending xxx-xxx-5342, is registered on the DNC since October 7, 2014.

23.     Plaintiff Wiley uses her phone number for personal use only.

24.     Plaintiff Wiley has been receiving unwanted solicitation calls from Defendant AFN from multiple phone numbers since September of 2021.

25.     For example, on November 10, 2021, around 1 PM, Plaintiff received a call from the phone number 410-596-3215 to her cell phone. At around 3 PM, Plaintiff received another call from the same phone number 410-596-3215. Plaintiff Wiley answered one of these calls and spoke to an agent who identified the company as Defendant American Financial Network. Plaintiff informed the agent that she was not interested in the Defendant's services and disconnected the call.

26.     Similarly, on January 21, 2022, at 2:58 PM, Plaintiff received a call from Defendant AFN using the phone number 443-333-5551 to her cell phone. Plaintiff answered the call and spoke to an agent who identified the company as Defendant American Financial Network and tried to solicit refinancing with better

---

[14] https://www.shouldianswer.com/phone-number/2678209555

interest rates. Plaintiff re-iterated that she was not interested in the Defendant's services.

27.     Plaintiff Wiley never consented to receiving solicitation calls from Defendant AFN and did not have a prior relationship with the Defendant.

28.     The unauthorized telephone calls placed by Defendant, as alleged herein, have harmed Plaintiff Wiley in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

29.     Seeking redress for these injuries, Plaintiff Wiley, on behalf of herself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., which prohibits unsolicited telemarketing calls to phone numbers that are registered on the DNC.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff Wiley brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant, or an agent calling on behalf of Defendant, called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom the Defendant or its

agent claims they obtained the person's number in the same manner as Defendant or its agent obtained Plaintiff's number.

31.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff Wiley anticipates the need to amend the Class definitions following appropriate discovery.

32.     **Typicality and Numerosity**: Plaintiff is a member of the Class, and on information and belief, there are hundreds, if not thousands of members of the Class, all of which received calls from Defendant as part of a single telemarketing campaign, and joinder of all members is impracticable.

33.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

Common questions for the Class include, but are not necessarily limited to the following:

     (a)    Whether the Defendant or an agent calling on behalf of Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days at the time of each call;

     (b)    Whether the calls violated the TCPA;

     (c)    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

34.    **Adequate Representation**: Plaintiff Wiley will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Wiley has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Wiley and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Wiley nor her counsel have any interest adverse to the Class.

35.    **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, and thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class

and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Wiley. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Wiley and the Do Not Call Registry Class)

36.    Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

37.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

38.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

39.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Wiley and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

40.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Wiley and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

41.     As a result of Defendant's conduct as alleged herein, Plaintiff Wiley and the Do Not Call Registry Class suffered actual damages and, under section 47

U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for each of such violations of 47 C.F.R. § 64.1200.

42.    To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Wiley individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class, as defined above; appointing Plaintiff Wiley as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Wiley requests a jury trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

**MONA WILEY**, individually and on behalf of those similarly situated individuals

DATED this 16th day of February, 2022.

By: /s/ *Rachel E. Kaufman*
Rachel Elizabeth Kaufman
Kaufman P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
(305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*

CLASS ACTION COMPLAINT
-16-